S. J. M. McCARRELL v. F. P. F. MULLINS ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued March 26, 1891—Decided April 13, 1891.

The answers of defendants in a bill in equity, to a rule for an attachment, on their failure to comply with a decree for the payment of money en-

Statement of Facts.

tered against them, averring their entire inability to pay and showing that no fraud on their parts had been found by the master, the rule for an attachment was discharged: affirmed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 129 January Term 1891, Sup. Ct.; court below, No. 484 June Term 1887, C. P. No. 4, in Equity.

On June 10, 1887, S. J. M. McCarrell, receiver of the Norman Mutual Assessment Reserve Fund Life Association of Pennsylvania, filed a bill in equity against Fenton F. P. Mullins, Samuel Y. Thomson, Julius Mountney, and ten others, praying upon the facts therein averred that the defendants and each of them make discovery of all moneys, property and effects of said corporation that had come into their hands, possession or control, from the organization thereof to the time of its dissolution, and particularly of the $10,000 in cash, deposited with the Tradesmen's National Bank of Philadelphia; and that a decree be entered for the payment of said moneys, etc.

Answers being filed by certain defendants served, the cause was so proceeded in that a master's report was made finding:

That to obtain its incorporation in April, 1886, the said association, as required by § 1, act of June 5, 1883, P. L. 80, had deposited $10,000 in cash in the Tradesmen's National Bank to the credit of Samuel Y. Thomson and Julius Mountney, as the "mortuary committee of the association;" that this money, instead of being raised by the members of the association, was advanced on loan to and by said Thomson and Mountney; that, on its organization, the said Mullins became the president of the association; that the association became "financially embarrassed" and in May, 1886, Thomson and Mountney, with the knowledge and assent of Mullins, withdrew the $10,000 deposit from the bank and used it to repay the loans upon which it was raised; that, subsequently, a suit was brought against the association on a claim for insurance, and judgment obtained in default for $5,000; that, thereupon, the plaintiff in this bill was appointed a receiver, but subsequently, the judgment referred to was opened. The master, upon his findings of fact, recommended a decree that the bill should be dismissed as to all the defendants answering except Mullins, Thomson and Mountney, and

that the latter should be held jointly and severally liable to pay to the receiver the $10,000 that had been withdrawn from the bank with interest. On October 19, 1889, a decree was entered, as afterwards amended requiring Mullins, Thomson and Mountney, within two weeks from the service of the decree, to pay to the receiver the sum of $12,151.58 and costs. On November 29, 1889, a fieri facias was issued on said decree, and subsequently the writ was returned nulla bona.

On February 14, 1890, on the affidavit of the receiver, exhibiting the record of the proceedings in equity, and the fieri facias and the return thereof, and averring that said decree had not been complied with, a rule was granted on Mullins, Thomson and Mountney to show cause why attachments should not issue against them. The affidavit averred inter alia:

"That the cause of action set forth in said bill was not founded upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract; but said bill was filed to compel the refunding of $10,000 in cash, the property of said association, which, by the act of June 5, 1883, P. L. 80, was made a special fund to be used only to pay death losses, and which the said Mountney and Thomson, who had the same deposited in bank to their credit as members of the mortuary committee of said association, wilfully withdrew from the custody and control of said association, without any authority, express or implied therefrom, with the full knowledge and participation of said Mullins, the then president of said association, and received and retained for their individual benefit, and not to pay death losses."

An answer to the rule, filed by Mullins, averred, inter alia, that the respondent never received any of the money mentioned in the bill in equity, and never was a party to and had in no way aided or assisted in its disbursement; that he was wholly without money or property, and was unable to pay the amount required by the decree or any part thereof; that it had not been found by the master that the respondent had been guilty of any fraudulent act in relation to said money, but, on the contrary, the master found expressly that he had committed no fraudulent act; submitting that, the respondent never having been guilty of any contempt, his inability to pay was not such contempt as in the absence of fraud would warrant his impris-

onment. Mountney filed an answer making like averments of the absence of fraud on his part, and of his inability to pay, quoting from the master's report as follows: " Mr. Mountney's relation to the association differs from that of all others. He was not a member, and not interested in it; he agreed to advance $2,500, provided he could have it returned in a short time." Thomson filed no answer.

After argument, the court, on November 1, 1890, without opinion filed, discharged the rule as to all the respondents. Thereupon the petitioner took this appeal, assigning the order discharging the rule to show cause, etc., for error.

*Mr. Ernest H. Davis* (with him *Mr. Robert Snodgrass*), for the appellant.

As to the right to an attachment, counsel cited: Daniell's Ch., 5th ed., *1032, 1046; § 13, act of June 16, 1836, P. L. 789; Equity Rule, LXXXI.; Brightly's Eq., § 748; Scott v. Jailer, 1 Gr. 237, 239; § 1, act of July 12, 1842, P. L. 339; Hugg's Est., 1 Clark 237; Chew's App., 44 Pa. 247, 251; Church's App., 103 Pa. 263, 265; Tome's App., 50 Pa. 285; Spering's App., 71 Pa. 11, 24. That the court below had no discretion: Daniell's Ch., 5th ed., *1046, 1047; Commonwealth v. Reed, 59 Pa. 425, 429; Tome's App., 50 Pa. 285, 295–6; Commonwealth v. Perkins, 124 Pa. 36, 48; Evans v. Bear, L. R. 10 Ch. App. 76; Adams' Eq., *326; § 2, act of June 16, 1836, P. L. 731. If there was a discretion, the answer of defendants did not justify a discharge of the rule: Leiter's App., 10 W. N. 225; Tome's App., 50 Pa. 285, 290, 299; In re Batdorff, 13 W. N. 417; Croop v. Freas, 8 Pa. C. C. R. 107; Pierce's App., 103 Pa. 27, 29; Maris v. Ingram, L. R. 13 Ch. D. 338; Lewes v. Barnett, L. R. 6 Ch. D. 252.

*Mr. W. W. Ker, Mr. Henry C. Hawkins, Mr. Fred C. Simon* and *Mr. Arthur Moore*, for the appellees, were not heard.

PER CURIAM:

The order is affirmed, and the appeal dismissed at the costs of the appellant.