# First National Bank, Appellant, *v.* The McKinley Coal Company.

*Equity—Attachment—Fraud—Corporation.*

A court of equity will not issue an attachment to compel officers of a corporation to restore to the corporation assets of the company where the court finds as a fact that there was no fraudulent misappropriation of the assets.

On a creditor's bill against a corporation and its officers and stockholders, the court entered a decree that the defendants "must refund and repay so much of the stock, bonds, and assets of the corporation received by them or either of them as may be necessary to pay the plaintiff's judgment, with interest and costs." *Held,* that no attachment could issue upon the order since it imposed no exact duty on the respondents.

Argued Oct. 27, 1905. Appeal, No. 196, Oct. T., 1905, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 6, refusing attachment in case of First National Bank of Pittsburg v. The McKinley Coal Company, W. H. McKinley and Ernest H. McKinley. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity by a judgment creditor against a corporation, its officers and stockholders for an account.

The case resulted in a decree quoted in the opinion of the Supreme Court.

The plaintiff thereupon filed a petition for an attachment.

COLLIER, P. J., dismissed the petition, saying :

We have again gone over the case with care, and have failed to find anything in the decree itself to justify the issuing of an attachment on the ground of fraud, or in the findings and pleadings to show that the conduct and acts of the defendants were fraudulent, and with fraudulent intent.

The only finding bearing at all on the question is one that there was a misappropriation by the defendants ; but this is far from finding that there was a fraudulent misappropriation. At any rate, until it is determined how much, if any, of the stock now held by the plaintiff is applicable to the payment of the plaintiff's judgment, the court would not allow the attachment as prayed for to issue.

*Error assigned* was decree refusing attachment.

*Levi Bird Duff*, with him *L. B. D. Reese*, for appellants, cited : Batdorf's Estate, 2 Dauph. Co. 287 ; United States v. Caruther's, 15 Fed. Repr. 309.

*Homer L. Castle*, of *Stone & Stone*, with him *H. S. McKinley*, for appellees, cited : Berger v. Smull, 39 Pa. 302 ; Ex rel. Scott v. The Jailer, 1 Grant, 237 ; McCarrell v. Mullins, 141 Pa. 513.

PER CURIAM, January 2, 1906 :

The finding of the court below was that certain stocks in the hands of the individual respondents were the property of the coal company, and assets for the payment of its debts, and that such assets had been " improperly disposed of." On the present application for an attachment, the court, after again going over the case with care, refused to find that the conduct of the respondents was fraudulent, or that there was a fraudulent misappropriation of the assets. This would seem to bring the case within the rule in McCarrell v. Mullins, 141 Pa. 513.

But there is a second reason why the attachment should not issue, alluded to by the learned judge, though not dwelt upon.

The decree was that the defendants "must refund and repay so much of the stocks, bonds and assets of the McKinley Coal Company, received by them, or either of them, as may be necessary to pay the plaintiff's judgment, with interests and costs."

This was an indefinite order which imposed no exact duty on the respondents. Until the required amount was liquidated, the decree was wanting in the precision necessary for its enforcement by attachment.

Decree affirmed.