**Exner v. Exner**

*Janet Duffy Carson*, for petitioner.
*Donald R. Price*, for respondent.

BECKERT, *J.*, January 14, 1977—Elizabeth S. Exner (petitioner) is the former wife of George V. Exner (respondent). Petitioner has taken an appeal from our refusal to make absolute her rule to show cause as to why respondent should not be cited for contempt. See Crislip v. Harshman, 243 Pa. Superior Ct. 349, 365 A. 2d 1260 (1976).

We do not believe that it is necessary to have an in-depth recitation of the factual background leading to the above action but believe it is sufficient to state that this court on November 10, 1975, entered a final decree on the petitioner's motion for summary judgment and it was ordered and decreed that the respondent, George V. Exner, shall specifically perform the terms of a previously entered into separation agreement with petitioner, and respondent was enjoined and restrained from failing and refusing to pay petitioner all amounts of money due and owing under the agreement as those moneys fell due. Petitioner contends that respondent failed to comply with the payment of money and, as a result of his violation of the court order, petitioner has sustained a loss in the amount of $12,730 plus interest and that her former husband's continued violations will result in continued losses to her in the future.

In general, we have no quarrel with the law cited by counsel for petitioner to the effect that we possess the power to cite respondent for civil contempt and impose the remedial punishment of a fine payable to petitioner as compensation for the special damages that she sustained by reason of the contumacious conduct of her former husband: Bata v.

Central Penn National Bank of Philadelphia, 448 Pa. 355, 375, 293 A. 2d 343 (1972). Courts have always possessed the inherent power to enforce their orders and decrees by imposing penalties and sanctions for failure to obey or to comply with them: Brocker v. Brocker, 429 Pa. 513, 519, 241 A. 2d 336 (1968), cert. denied 393 U.S. 1081 (1969). However, the undersigned did not find at the time of the hearing, nor have we now found after reading the stenographic transcript, that petitioner has shouldered her burden of proof and convinced us by a fair preponderance of the evidence, if that, in fact, be the degree of proof required, that her former husband was consciously indifferent to our court order.

We have not been able to find any Pennsylvania case directly on point as to the exact burden of proof required to be presented to support a civil contempt finding. 17 C.J.S. 213, §84(2) states that the burden of proof rests upon the complaining party and the Pennsylvania cases seem to imply that, while no presumption of innocence or obedience to the court order exists in favor of respondent, nevertheless the complaining party should prevail only if the proof of disobedience is demonstrated in a satisfactory and convincing manner: Shartzer v. Lewis, 61 Montg. 4 (1944).

An examination of the evidence presented in this case is as follows: Respondent has been employed for the past 22 years by Prudential Insurance Company and his present position is that of vice-president of sales. From the above position, he earns a gross salary of $59,000 a year, which reduces to a net weekly salary of $800. Respondent has remarried and his present wife has four children, which wife and children he is presently supporting.

The record will further disclose that respondent, pursuant to the terms of the separation agreement and the court order, has been paying $360 per week (N.T. 21), he has no savings nor any stock or bonds, and is unable to pay the full amount of the contractual agreement. Part of his payment is $72 a week for each of his children and he is continuing to pay this amount for all of his children, including his son Jeffrey who is presently in college. The amount of $72 per week for Jeffrey is nevertheless paid to his wife, as is all other child support. Respondent has contributed approximately $2,500 a year towards his son Jeffrey's tuition, room and board. In addition, and pursuant to the terms of the separation agreement, respondent has transferred the jointly owned marital realty located at 107 Foxcroft Drive, Doylestown, Bucks County, Pa., to petitioner, together with the 1970 Plymouth station wagon, and has, as noted, been diligent in paying support for the children (N.T. 15). Respondent has also paid $130 per week to his former wife for approximately the last five years.

While it could possibly be argued that respondent should not have remarried, particularly to a woman with four children, he nevertheless has, and when one considers that he spends all of his net weekly income, approximately one-half each, on "his two families," one has difficulty concluding that respondent is "flaunting" the court's order and decree.

Under the above circumstances, the undersigned could not conclude that it was demonstrated by petitioner that respondent was guilty of civil contempt, for civil contempt should not exist in refusing to obey an order when a person is unable to financially comply with it and where there has been

absolutely no showing of any fraud practiced on the part of respondent: Brierhurst Realty Company v. Lembrecht, 299 Pa. 9, 148 Atl. 863 (1930); First National Bank v. McKinley Coal Company, 213 Pa. 413, 62 Atl. 1067 (1906); McCarrell v. Mullins, 141 Pa. 513, 21 Atl. 778 (1891). In short, the undersigned, as the hearing judge, failed to find that the complainant demonstrated that the actions of her former husband sprang from any wilfulness or indifference on his part to the court's command so as to justify a finding that respondent was guilty of civil contempt.