## APPEAL OF FRANK C. REESE ET AL.

APPEAL FROM THE ORPHANS' COURT OF SCHUYLKILL COUNTY.

Argued April 22, 1887—Decided May 2, 1887.

1. While an attachment execution, attaching an interest in a decedent's estate, is pending and undetermined in the Common Pleas, the plaintiff therein has standing to file exceptions in the Orphans' Court to the account of the administrator or executor.
2. Where the jurisdiction of the Common•Pleas has attached by the service of such an attachment prior to the audit of an account, and the garnishee has not submitted to the adjudication by the Orphans' Court of the question at issue in the Common Pleas, the garnishee is entitled to a trial of the issue in the latter court. In such case the Orphans' Court will ascertain what amount, if any, will be payable to the defendant in the attachment and direct the accountant to retain that amount, with a reasonable provision for costs, until the final disposition of the attachment in the Common Pleas.
3. Neither creditors nor heirs nor other interested persons are concluded by the appraised value of stocks constituting part of the estate in the hands of an administrator; and an auditor may properly find such stocks to be of greater value and surcharge the accountant with the difference.
4. Otterson v. Gallagher, 88 Penn. St. 355; and Otterson v. Middleton, 102 Idem 78, distinguished.

Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ.; PAXSON and STERRETT, JJ., absent.

No. 36 July Term 1887, Sup. Ct.

This was an appeal by Frank C. Reese, Flower Stetler, Hannah Reese, Mary Ann Reese, Edward Reese and John Reese, children and heirs of John Reese, deceased, and Flower Pritchard, formerly Reese, widow and administratrix of said deceased, from the decree of the Orphans' Court of Schuylkill county.

John Reese died in August, 1880, leaving to survive him a widow and seven children. Another child was born four months after the death of Mr. Reese. This posthumous child and the oldest daughter died in 1881.

After her husband's death Mrs. Reese, who has since (in 1885) married Mr. Pritchard, went into business and con-

tracted debts which were put into judgments, and her interest in her husband's estate was attached by her judgment creditors. Interrogatories were served and answered and a plea filed, and the several attachment proceedings put at issue in the Common Pleas. Before the determination of these issues the administratrix filed her account, to which her attaching creditors filed exceptions, one of which exceptions being that in the inventory filed certain stocks were appraised at their par value, whereas their real value was much greater, and asked for the appointment of an auditor to re-state the account and report a distribution. MR. LEWIS B. WALKER was thereupon appointed auditor and filed a report, surcharging her with the sum of $700, the difference between the appraised and real value of said stock, and awarding to the attaching creditors their claims out of the distributive share of the widow.

The appellants filed exceptions to the auditor's report, which the court below, O. P. BECHTEL, A. J., overruled, the court adopting the cash distribution, whereupon this appeal was taken, the appointment of the auditor and the dismissal of the exceptions to the auditor's report being assigned as errors.

*Mr. James B. Reiley (Mr. M. M. L' Velle* with him), for the appellants:

The attaching creditors had not obtained judgments against the administratrix of the decedent's estate, and, until they had, they had no standing in the Orphans' Court.

The auditor should have reported that a sufficient sum be retained to await the final disposition of the attachments: Valentine's App., 3 W. N. 471; Millard's Est., 26 Pittsb. Leg. J. 189; Poulson's Est., 11 Phila. 151.

*Mr. George M. Roads (Mr. J. W. Roseberry* with him), for the appellees:

The jurisdiction of the Orphans' Court is conclusive of conflicting claims upon the fund for distribution: Otterson v. Middleton, 102 Penn. St. 78; Otterson v. Gallagher, 88 Idem 355.

OPINION, MR. JUSTICE TRUNKEY:

While execution attachments were pending, issued on judg-

ments against Flower Reese to attach money in her hands as administratrix of John Reese, deceased, the administratrix filed her account. The attaching creditors filed exceptions, and an auditor was appointed to dispose of the exceptions and make distribution. These creditors were ostensibly interested, and, though the issues in the respective attachments had not been tried and determined, they were not bound to stand aloof and suffer an incorrect account to be confirmed of course, and the interest of their debtor in the estate be covered up or decreed to belong to other persons. The Orphans' Court committed no error in allowing the exceptions to be filed and appointing an auditor.

Nor was there error in charging the administratrix with the cash value of the stock. The account purported to be final and included all the property specified in the inventory and appraisement. Neither creditors nor heirs nor other interested persons were concluded by the value fixed by the appraisers.

The judgments against Mrs. Pritchard, née Reese, are conclusive of the amount of her indebtedness to the appellees. It is settled by the decree what amount of money is in her hands as administratrix, and how much is due to herself as widow. The report of the auditor shows that the money due her from the estate is more than sufficient to pay the judgments, exclusive of the $324.90 which she takes because of the death of two of her children. She contends that the issues in the court of Common Pleas should be there tried that she may show the plaintiff is not entitled to recover, notwithstanding there is sufficient money in her hands as garnishee. As the jurisdiction of the Common Pleas had attached prior to the audit, and the garnishee has not voluntarily submitted to the adjudication by the Orphans' Court of the question already at issue in another court, we are of opinion that she is entitled to a trial of the issues in the Common Pleas.

In Valentine's Appeal, 3 W. N. 471, it was ruled by the Orphans' Court that before final judgment in the attachment the proper practice is to ascertain what amount, if any, will be payable to the defendant in the attachment, and direct that the executor or administrator retain the amount until the final disposition of the attachment in the Common Pleas. That ruling was affirmed in this court, and it was said: "It is clear

that jurisdiction over the attachment belonged to the Common Pleas and not to the Orphans' Court. If the garnishee has a defence arising in the facts he sets up, that court will determine whether it be sufficient, and a writ of error will bring his case before us." The decision in that case was on appeal from the decree of the Orphans' Court that the money be retained till disposition of the attachment.

Here the appellees contend that they are entitled to the decree made in the court below, on the authority of Otterson v. Gallagher, 88 Penn. St., 355, and Otterson v. Middleton, 102 Penn. St. 78. In these cases the question was whether the final decree of the Orphans' Court, from which no party had appealed, was conclusive of the matter adjudicated. Before the Orphans' Court the assignee of a legacy claimed the same by virtue of an assignment dated prior to the attachments, and the parties were fully heard. It was held that the issue between the assignee and attaching creditors could not be tried again in the Common Pleas; but it was not decided that the creditor in a pending attachment was bound to submit the issue therein to the Orphans' Court, or that on demand by the garnishee said court would not order that the money be retained until the disposition of the attachment by the court where the issue was pending.

Additional costs will likely accrue on the attachments, and for that reason the decree will be modified so that the sum due as widow be retained,—the excess beyond the present amount of the attachments is only $51.86.

> Decree affirmed, and modified by direction that the administratrix retain the sum of $649.81, or deposit the same as the Orphans' Court may order, until the disposition of the issues in the attachments, and then to be paid as said court may order. Appellants to pay costs. Record remitted.