## Seidman's Estate.

*Executors and administrators—Sale of personalty—Sale at undervaluation—Failure to exercise common prudence and caution—Fraud—Appraised value—Surcharge—Findings of auditing judge—Palpable error—Exceptions—Appeals—Assignments of error—Practice, Supreme Court.*

1. Findings of an auditing judge can be reviewed only on assignments which show exceptions taken in, and acted upon by, the court below, and then such findings will not be disturbed unless the review demonstrates palpable error.

2. Ordinarily, trustees, administrators and like fiduciaries, are not liable beyond what they actually receive, except in cases of fraud or gross carelessness.

3. Under certain circumstances, where an administrator fails to exercise common care, prudence and caution in disposing of de-

cedent's property, the auditing judge may surcharge him with what it finds to be the full value thereof on the day of the sale.

4. An administrator sold stock in decedent's carpet and rug store, appraised at $9,895 in bulk, at a public vendue to his brother-in-law for $3,600. The latter entered into a partnership with the administrator's son-in-law, and the partnership two months later sold said goods for $10,645. Creditors excepted to the allowance of the difference between the appraised value of the merchandise and the actual amount realized therefrom by the accountant. The court found that on the date of the public sale. the goods were worth $8,000 and that the administrator had not used common skill, prudence and caution, and surcharged him in the sum of $4,400, the difference between the real value and price realized at the sale. Certain creditors appealed, contending, inter alia, (1) that accountant should be charged with the sum of $10,645, the full amount subsequently received for the goods, (2) that prior to the last sale considerable goods of value had been sold from the stock, (3) that, even if not guilty of fraud, accountant should be held liable for the figures the goods would have realized, if the administrator had used common skill and prudence, i. e., the amount subsequently realized, (4) that, in any event, the auditing judge put too low a figure on the goods, and (5) the administrator should be charged with at least the amount of the appraisement. *Held*, (1) the findings that the administrator was not guilty of fraud, not having been excepted to below, will not be disturbed,—besides, the review fails to demonstrate palpable error in the findings—(2) the refusal to find that prior to the last sale goods had been sold from the stock not having been excepted to below, is not properly assignable as error, (3) the accountant was properly held accountable for the full value of the goods on the administrator's sale, but the court did not err in refusing to hold him liable for failure to hold the goods so as to take advantage of rise in the market, especially where the terms of the sale relieved the e  'ate of the payment of rent, (4) there being evidence to justify the finding as to the value of the goods, the price at which they were later sold shed no controlling light on the question of value, especially in view of the subsequent rise in the market and (5) the appraised value is not conclusive.

Argued May 7, 1918. Appeal, No. 16, Jan. T., 1918, by Joseph Wild & Son, from decree of O. C. Lackawanna Co., 1916, No. 3, dismissing exceptions to adjudication in Estate of Moses L. Seidman, Deceased. Also like appeal, No. 15, Jan. T., 1918, by Trorlicht-Duncker Carpet

Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRA-
ZER and WALLING, JJ. Affirmed.

Appeal from adjudication. Before SANDO, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed exceptions to the adjudica-
tion. Joseph Wild & Son appealed.

*Errors assigned,* among others, were in dismissing ex-
ceptions to the adjudication.

*R. L. Levy,* with him *W. S. Diehl, C. A. Battenberg, A.
V. Bower, Ralph Ryer* and *Clarence Balentine,* for ap-
pellant.—Where an executor is guilty of supine negli-
gence in disposing of the property of the decedent he
should be surcharged with the extent of the injury:
Leslie's App., 63 Pa. 355; Moore's App., 10 Barr 435;
Dundas's App., 64 Pa. 325.

In view of the price at which the goods were subse-
quently sold, the finding of the market value of $8,000
is not supported by the evidence: Kountz v. Kirkpatrick
& Lyons, 72 Pa. 376; Semple's Est., 189 Pa. 385; Reese's
App., 116 Pa. 272.

*Morgan S. Kaufman,* with him *O'Brien & Kelly,* for
appellee.—The finding of an auditing judge upon a ques-
tion of fact is entitled to as much weight as the verdict
of a jury and will be set aside only for manifest error:
Mayhew's Est., 155 Pa. 94.

OPINION BY MR. JUSTICE MOSCHZISKER, June 3, 1918:

M. L. Seidman, who conducted a carpet and rug busi-
ness in Scranton, died intestate January 3, 1916, and
letters of administration were granted to his son, Wolf
Seidman; duly appointed appraisers valued the stock in
decedent's store at $9,895; on January 24, 1916, after the
due posting of printed bills, the administrator sold these
assets in bulk, at public vendue, to his brother-in-law,

Anthony Shiff, for $3,600 cash; the latter entered into a partnership with B. J. Smith, a son-in-law of the administrator, and, in March, 1916, this firm disposed of the commodities in question to the Scranton Dry Goods Company for $10,645.27.

The administrator's first and final account was filed March 12, 1917, and, among other creditors, Joseph Wild & Son excepted to the allowance of $6,295, claimed therein as the difference between the appraised value of decedent's merchandise and the actual amount realized therefrom by accountant. The exceptant contended that these goods were worth at least $20,000; but, after taking evidence pro and con, the court below found as a fact that, upon the date of the public sale thereof, January 24, 1916, their value was $8,000. The court further found that "Wolf Seidman, in the administration of the estate of the decedent, did not exercise common skill ......prudence and......caution." Upon these findings, accountant was surcharged $4,400, the difference between the real value found by the auditing judge and the price realized at the administrator's sale; whereupon exceptant appealed to this court.

Appellant contends (1) that accountant should have been found guilty of fraudulent conduct in connection with the disposal of decedent's merchandise, and charged with the full amount received therefrom up to the time of the purchase by the Scranton Dry Goods Company; (2) that, prior to the last-mentioned purchase, Shiff & Smith had sold goods of considerable value from this stock of merchandise; (3) that, even though accountant's conduct were not fraudulent, at the least he should be charged with the price decedent's goods would have realized, had common skill, prudence and caution been exercised in the disposal thereof, i. e., the figure which they afterwards brought when sold to the Scranton Dry Goods Company by Shiff & Smith, in March, 1916; (4) that, in any event, the auditing judge put too low a value upon the commodities in question; (5) finally, it

is suggested that under no circumstances ought such value to have been placed at less than the amount of the appraisement. We shall dispose of these questions in the order stated.

(1) While the record before us shows circumstances connected with the administration of decedent's estate which lay Wolf Seidman open to grave suspicion, and the evidence relied upon by appellant tends to prove other facts, unnecessary now to mention, which, if we were exercising original jurisdiction, might lead us to affirm certain of the latter's contentions, yet, notwithstanding these sinister appearances, the auditing judge, who saw and heard the witnesses, not only refused to convict the administrator of fraudulent conduct, but found expressly to the contrary; and these findings were not excepted to in the court below. The auditing judge also made a series of subordinate findings dealing with details of the transactions now in controversy, against the contentions of appellant, which also were not excepted to. In other words, despite requests therefor, this record contains no finding that the administrator either conspired with or was improperly interested in the firm of Shiff & Smith, or that he was guilty of any fraud, in connection with the original formation or subsequent conduct of that firm, relating to the sales of the merchandise here in controversy; and, as indicated above, neither the refusal of these requests nor the findings to the contrary appear to have been excepted to below. The present case, like all others, is subject to the well established rule that findings can be reviewed only on assignments which show exceptions taken in, and acted upon by, the court below; and even then such findings will not be disturbed unless the review demonstrates palpable error. So far as appellant's charges of fraud are concerned, the assignments at bar fail when tested by these rules.

(2) Although requested so to do, the auditing judge refused to find that, between the purchase by Shiff &

Smith and their sale to the Scranton Dry Goods Company, merchandise of considerable value, naming the amount thereof, had been disposed of by the former; no exception having been taken in the court below, we must treat this as conclusive upon that point.

(3) As to the penalty for lack of due care and discretion, it appears there was a rise in the carpet and rug market between the date of the administrator's sale of decedent's merchandise and the subsequent sale of these goods by the purchasers thereof; albeit there is force in appellant's contention that, in the exercise of common skill, prudence and caution, the administrator ought to have held the goods, so as to take advantage of this rise, yet we cannot say reversible error was committed when the court below failed to make a surcharge upon that theory.    The auditing judge notes, as a reason for the early sale, that it relieved decedent's estate from the obligation to pay rent, it being made "part of the terms of the sale......that the purchasers would have to pay the rent"; and we find no request upon the record that accountant be found guilty of negligence or surcharged because he sold the goods at too early a date.    Ordinarily, trustees, administrators and like fiduciaries, are not liable beyond what they actually receive, except in cases of fraud or gross carelessness (Calhoun's Est., 6 Watts 185; Fahnestock's App., 104 Pa. 46; Semple's Est., 189 Pa. 385, 390; Skeer's Est., 236 Pa. 404, 410), and here the findings negative such misconduct; but, on the peculiar facts at bar, because accountant failed to exercise common care, prudence and caution in disposing of decedent's property, the court below surcharges him with what it finds to be the full value thereof on the day of the administrator's sale.. In the absence of a finding of gross negligence in selling when accountant did, or of fraudulent participation by him in the subsequent sale of the property in question, appellant cannot properly complain of the amount of the surcharge.

(4) On the subject of valuation, after reading the tes-

timony we are unable to agree with appellant's contention that there is no evidence to justify the value found by the auditing judge. Furthermore, the admitted rise in the market may well explain the larger amount subsequently realized from the same merchandise; and hence this later price by no means either demonstrates or sheds controlling light upon the question of value at the time of the administrator's sale.

(5) Finally, the appraisal value is not conclusive (Reese's App., 116 Pa. 272, 274; Semple's Est., 189 Pa. 385, 393); therefore, on the findings and evidence in this case, we cannot say the court below should have adopted it rather than the figures which the auditing judge determined upon as the amount, or price, which should have been secured by the exercise of proper diligence on the part of the administrator.

An appeal has been filed by the Trorlicht-Duncker Carpet Company, another creditor, at No. 15, January Term, 1918; there is a stipulation of record that the judgment here entered shall apply to this other case; and it is accordingly so ordered.

We find no reversible error presented by the assignments; they are all overruled, and the decree of the court below is affirmed at the cost of appellant.