## Seidman's Estate.

*Contempt of court—Refusal to punish for contempt—Appeals.*

1. A court is the exclusive judge of contempts committed against its own process.

2. When the court issuing the process has determined it has not been contemned, the appellate courts cannot decide otherwise.

Argued April 13, 1921. Appeal, No. 101, Jan. T., 1921, by United States Fidelity & Guaranty Co., surety, from decree of O. C. Lackawanna Co., No. 3, 1916, discharging administrator from custody on attachment, in estate of Moses L. Seidman, deceased. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Petition to discharge Wolf Seidman, administrator of M. L. Seidman from custody for contempt of court. Before SANDO, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree discharging the administrator from custody. See 49 Pa. C. C. R. 104; 21 Lackawanna Jurist 117. The United States Fidelity & Guaranty Co., surety, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*M. J. Martin,* with him *David J. Reedy,* for appellant. —The orphans' court has power to punish for contempt by attachment: Bowman v. Herr, 1 P. & W. 282; Chew's App., 44 Pa. 247; Tome's App., 50 Pa. 285; In re Garis, 185 Pa. 497; Irwin's Est., 9 Pa. Dist. R. 282; Donaldson

v., Miller, 23 Pa. C. C. R. 393; Guier v. Kelly, 2 Binney 293; Horner v. Hasbrouck, 41 Pa. 169; Equitable Trust Co. v. Garis, 194 Pa. 435; Com. ex rel. v. Lewis, 253 Pa. 175.

The attachment should issue to enforce payment of a surcharge: Hoffman's Est., 10 Pa. Superior Ct. 113; Com. ex rel. v. Perkins, 124 Pa. 36.

*Morgan S. Kaufman,* for appellee, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1921:

Wolf Seidman, appellee, was appointed administrator of Moses L. Seidman. The United States Fidelity and Guaranty Company, appellant, became surety on his bond.

The administrator sold certain assets of the estate; on exceptions to his account by creditors, it was determined he had not exercised common skill, prudence and caution in disposing of the property in question, and he was surcharged (Seidman's Est., 261 Pa. 540). The surety paid the amount of the surcharge into court and distribution of it was made to creditors.

After payment by the surety, the orphans' court made an order on the administrator directing him to pay over, to the surety, the amount which it had been required to liquidate, and, on his failure to obey, an attachment was issued; he was brought before the court and thereupon turned over to the surety company, part of the amount it had paid, pleading inability to make further payment. The surety company insisted that he should be committed for contempt of the court's decree, but that tribunal discharged him from custody, on the ground that the case was not one where money had been received by an administrator which he refused or neglected to pay over, or of appropriation of money of the estate for his own benefit, or where he could pay and would not, or had been guilty of fraud in dealing with the property or funds committed to his care, and determined that the

respondent had done nothing to thwart the court's order through misapplication of the assets of the estate.

It has been the rule in Pennsylvania for more than a century, a rule which we think should not be departed from, that each court is the exclusive judge of contempts committed against its process. When the court issuing the process has determined it has not been contemned, the appellate courts cannot decide otherwise. We said in Commonwealth v. Shecter, 250 Pa. 282, "It is settled law that each court is the exclusive judge of contempts committed against its process......As early as 1791 this rule was recognized by this court in the case of Penn v. Messinger, 1 Yeates 2, where it refused to punish a contempt offered to the process of another court, the judges asserting—so reads the report—'that they knew of no case where one court punished a contempt to another court, and they would not carry the system of punishment by attachment further than they were clearly warranted by practice and adjudged cases.' In Williamson's Case, 26 Pa. 9, 18, BLACK, J., in speaking of the power in the courts, in proceedings for contempt, says, 'All courts have this power, and must necessarily have it, otherwise they could not protect themselves from insult, or enforce obedience to their process. Without it they would be utterly powerless. The authority to deal with an offender of this class, belongs exclusively to the court in which the offense is committed; and no other court, not even the highest, can interfere with its exercise.' "

As we will not review the decision of the court below that the appellee was not in contempt of its order, the appeal must be and it is dismissed at appellant's cost.