## Tyson's Estate.

*Orphans' court—Administrators—Sales of personal property—Jewelry—Private sale—Duties of administrator—Surcharge.*

The general rule for the administration of the estate requires the administrator to convert the assets in order that distribution may be made, unless the parties desire that the division of the assets be made in specie.

Where the distribution cannot be made in kind, it is the duty of the administrator to sell, and not risk the depreciation in the value of the assets of the estate. Such a sale should normally be a public sale after notice to the parties interested, and adequate advertisement, according to the circumstances, in order that the highest price may be realized.

If an administrator sells at public sale, the burden is upon any one who seeks to surcharge him with a loss; but if he sells at private sale, which he has a legal right to do, the burden is upon him to show that the prices obtained were the market values of the articles sold.

Where an administrator, after a long delay, sells jewelry at private sale for less than the appraised value and no sufficient testimony is produced to explain the reason for such sale, or that it realized market prices, he will be surcharged with the difference between the appraised value of the jewelry and the amount it actually brought at private sale.

Argued October 25, 1922. Appeal, No. 193, Oct. T., 1922, by Edward T. Tyson, Jr., Administrator, from final decree of O. C. Phila. Co., Oct. T., 1921, No. 521, dismissing exceptions to adjudication in the estate of Emma G.

Tyson, deceased.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Exceptions to adjudication.   Before LAMORELLE, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions to the adjudication and surcharged the administrator in the amount of $1,489.   Defendant appealed.

*Error assigned* was the decree of the court.

*Thomas F. Gain,* and with him *Howard B. Wilson,* for appellant.

*Alexander Fried,* and with him *Clinton A. Sowers,* for appellee.

OPINION BY KELLER, J., November 28, 1922:

This appeal is from the action of the Orphans' Court of Philadelphia County, surcharging the administrator of the estate of Mrs. Emma G. Tyson with the difference between the appraised value of decedent's jewelry in March, 1920, when the inventory was taken, and the amount it actually brought at private sale in April, 1921.

The decedent was a widow.   Her heirs were a son, the appellant, and a daughter, Mrs. Dewees.   She left no debts to speak of and her personal estate consisted nearly altogether of money in bank and jewelry.

Shortly after the inventory was filed appellant had a conference with his sister relative to a division of the jewelry in kind.   It at once developed that both wanted a pair of diamond earrings, appraised at $1,800, at their inventory value, and neither wanted the other jewelry. Both were as positive as language could make it.   In such a deadlock further discussion was useless.   Nothing was done by the administrator looking to a sale of the jewelry until April, 1921, though it was testified

that, at least as early as December, 1920, Mrs. Dewees
had requested him to sell it. In the meantime the value
of diamonds is alleged to have depreciated, owing to the
importation of jewels from Europe and the demoralized
condition of exchange, and when he finally disposed of
the jewelry, he did so at private sale to the lapidary and
jeweler who had appraised them for inventory purposes
at a loss of $1,489. The auditing judge was unable to
find that Mrs. Dewees had agreed to this lumping private
sale. Without her consent such a sale was certainly un-
usual and irregular.

We have carefully considered all the evidence in the
case and are constrained to agree with the conclusion of
the learned auditing judge, as follows: "The general
rule for the administration of an estate requires the ad-
ministrator to convert the assets in order that distri-
bution may be made, unless the parties desire that
distribution be made in specie. When therefore it ap-
peared, as it did appear in this case, soon after the
inventory was filed, that distribution could not be so
made, it became the duty of the administrator to sell,
and not take the chance of a depreciation in value of the
assets. This sale should normally be a public sale, after
notice to the parties interested, and adequate advertise-
ment, according to the circumstances, in order that the
highest prices might be realized. If an administrator
sells at public sale, the burden is upon any one who
seeks to surcharge him with a loss; but in case he sells
at private sale, which he has the legal right to do, the
burden is on him to show that the prices obtained were
the market values of the articles sold. There is no suf-
ficient testimony to show this; indeed, no testimony at
all except that of the very person who bought the jewelry
at the depreciated valuation......Mr. Tyson therefore
should have exposed the jewelry to public sale, after
reasonable notice to Mrs. Dewees, who might then have
bid at the sale, and, in a case like this, where no danger
of debts appeared, the successful bid of either party

might have been credited on account of distribution. Instead, however, of adopting this rather obvious course, the administrator retained the assets, on a falling market, and when he finally concluded to sell, he sold the goods in a lump at a private, instead of a public sale. My conclusion is that he should be held accountable for the appraised valuation, and the credit for depreciation is stricken out."

The appellant's position has not been strengthened by the fact that though the decedent died in February, 1920, and the settlement of her estate was not complicated, he did not file his account until January, 1922, and then only after he had been cited to do so.

The assignments of error are overruled and the decree of the orphans' court is affirmed at the costs of the appellant.