## Stein's Estate.

*M. M. Harnish, Lewis C. Harnish, L. R. Geisenberger* and *John E. Malone,* for petitioner.

*Oliver S. Schaeffer,* for executors.

APPEL, P. J., December 24, 1930.—On April 24, 1930, on petition of the Benjamin Finberg Building and Loan Association of Philadelphia, a citation was awarded, directed to Benjamin D. Stein and Samuel D. Stein, executors of the will of Herman Stein, deceased, to show cause why they should not file an account of their administration of said decedent's estate.

The petition alleges that the decedent died May 3, 1929, leaving a will, and letters testamentary thereon were granted May 17, 1929, to the above-named executors by the Register of Wills of Lancaster County; that the petitioner is a party in interest, being plaintiff in an attachment *ad lev. deb.* entered to March Term, 1930, No. 61, on a judgment entered in Philadelphia in Court of Common Pleas No. 4, to December Term, 1926, No. 20538, an exemplification of which record was entered in the prothonotary's office at Lancaster to January Term, 1930, No. 389, against Lottie L. Soltman and David J. Soltman, defendants in the judgment, in which the above-named executors of the decedent are named as garnishees. It is further alleged that Lottie L. Soltman is a party in interest, being one of the residuary legatees in the decedent's will, and that more than six months have expired since the granting of letters testamentary and no account has been filed by the executors.

The allegations in the petition, as above stated, bring the petitioner within the provisions of section 46 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, in which it is provided as follows:

"It shall be the duty of every executor and administrator to file in the register's office a just account of the administration of the estate at the

expiration of six months from the time of administration granted or when thereunto required by the orphans' court, and any executor or administrator may be cited to file his account, after the expiration of six months from the date of issuance of letters testamentary or of administration, on petition of any person having an interest, present or future, vested or contingent, in the estate of the decedent, or on petition of any creditor of the decedent."

The executors have filed an answer to the above citation, in which it is contended that the petitioner is not entitled to an accounting for the following reasons: 1. They deny that the petitioner is a party in interest in said estate, because the attachment *ad lev. deb.* above referred to was issued on a judgment entered on a bond, accompanied by a mortgage on certain real estate in Philadelphia, against Lottie L. Soltman and David J. Soltman. 2. They deny that Lottie L. Soltman, one of the defendants in the judgment and attachment proceedings, is a party in interest, because she had assigned and transferred her entire interest in said estate to her mother, Dora Stein, prior to the issuance of said attachment, which assignment·was recorded in the recorder's office at Lancaster on August 3, 1929. 3. While admitting that more than six months have expired since the granting of letters testamentary and that no account has been filed, they contend that they should not be called upon to file an account of their administration of the estate, because there are no outstanding claims or debts remaining unpaid, and by family arrangement or agreement the filing of such an account has been waived.

In the opinion of the court, none of the above contentions of the executors can be sustained. None of them will justify them in disobeying the mandate of the act of assembly as contained in the above-quoted section of the Fiduciaries Act of 1917. In answer to (1), it has been decided, and it is the law, that an attaching creditor of a legatee or distributee may cite the executor or administrator to file an account (see 7 P. & L. Dig. Dec., col. 11071, and the cases cited), and this is true even though the proceedings in attachment are still undetermined by the court of common pleas: Hart's Estate, 9 Dist. R. 347; Reese's Appeal, 116 Pa. 272. In answer to (2), the contention that because Lottie L. Soltman, one of the defendants in the judgment and attachment proceedings, had transferred her entire interest in the estate to her mother prior to the attachment, therefore the executors may not be called on to file an account, we may well cite the opinion of Ashman, J., in Hart's Estate, *supra,* where, as in the instant case, there was an assignment of the share by a legatee. The opinion says:

"In this case the question was whether the respondent [who was both executor and legatee] had validly assigned the whole of his share in the fund which was in his hands as trustee, and the first preliminary to its answer was to ascertain the value of the share. But how could that value be determined without an account of the estate of which the share was a part?"

The validity of the assignment by Lottie L. Soltman to her mother is challenged by the attaching creditor. We may well ask how can this question be determined unless an account be filed. At the adjudication it may appear that the assignment is fraudulent as against creditors, in which case the attachment would be good. See Sinnickson et al. *v.* Painter, 32 Pa. 384.

The last contention made by respondents (3) is that there were no outstanding claims or debts of the decedent remaining unpaid, and that by a family arrangement or agreement the filing of an account was waived. It cannot be contended successfully that either of these reasons is sufficient in law to exempt the executors from filing an account. Accounts are filed as

well for legatees as for creditors; and while family settlements are favored in law, they must ever be subject not only to the rights of creditors of the deceased, but likewise must be subject to the rights of the creditors of the several legatees whose shares have been transferred or attached.

There have been several technical matters urged by counsel, such as that no replication has been filed and that there is no allegation in the petition that there is any estate in the hands of the executors. We think the records show an ample estate, and there is no denial that it was distributed to the several legatees by a family settlement. Petitioner, who is an attaching creditor of one of the legatees, has challenged the validity of a prior assignment. We think it should be given an opportunity to prove its contentions in this regard.

Rule made absolute, and Benjamin D. Stein and Samuel D. Stein, executors of the will of Herman Stein, deceased, are directed to file an account to the next term of court. Costs to be paid out of the estate.

From George Ross Eshleman, Lancaster, Pa.