Curran's Estate

Before Henderson, Van Dusen, Stearne and Sinkler, JJ.

104

*Acker, Manning & Brown,* for executor.

*Bryan A. Hermes, Nathan Griffith* and *Alfred J. Snyder,* for residuary legatee.

HENDERSON, J., January 27, 1933.—We have reviewed the record and briefs and we have reached the conclusion that the auditing judge was right in his findings of fact and law in the careful and painstaking adjudication in which he examined these questions at great length.

As to two of the questions argued, we shall add a further word.

This testatrix died June 23, 1931, and we should recall the panic started in October, 1929. This accountant was faced with a difficult financial situation. The auditing judge has found that he is not guilty of supine negligence and that he has acted with common skill, prudence and caution, and he added:

"But this rule is necessarily limited to time. It is subordinate to the rule that the securities must be converted within six months of the time of the grant of letters testamentary unless circumstances are shown warranting an exception to the rule. In the opinion of the auditing judge, no such exceptional circumstances have been shown.

"There is no doubt in the mind of the auditing judge that the executor did what he thought was best for the interest of the residuary legatees. He relied solely on his own judgment. He should not have assumed, as he apparently did, that Mrs. Hill would take in kind. Had he asked her what her wishes were, say, within three months after the grant of letters, he could have sold the securities that have been sold prior to the expiration of six months from the grant of letters. As he did not do so, he must bear the consequences.

"The letters testamentary were granted June 26, 1931. Some securities matured and some were called prior to that date, and some.securities were sold prior to December 26, 1931. As to them no surcharge is made. The accountant, however, is surcharged with one-half (only one of the two residuary legatees is complaining) of the difference between the amount received from securities sold after December 26, 1931, and the last sale price of said securities as of December 26, 1931. If there was no sale of a particular security on that day, then the bid price on that day or the next subsequent day is to be taken as a basis of computation."

The accountant filed no exception to this conclusion.

One of the exceptions complains that the surcharge should be the difference between the appraisement, not the sale price on December 26th, and the amount realized. We are of opinion that the appraised value should not be taken when the real value on the day in question is shown.

Counsel for the exceptant has cited in support of his position Wiley's Appeal, 8 W. & S. 244, Merkel's Estate, 131 Pa. 584, 612, Taylor's Estate, 277 Pa. 518, and Tyson's Estate, 80 Pa. Superior Ct. 29. These cases are not in point, in that no evidence of actual value was offered to overcome the presumed correctness of the inventory. In the instant case the real value as of the stock exchange quotations on the day in question is to be set out in the schedule directed to be prepared and filed.

The proper rule is to be found in Seidman's Estate, 261 Pa. 540, 546, wherein Mr. Justice Moschzisker said:

"Finally, the appraisal value. is not conclusive (Reese's App., 116 Pa. 272, 274; Semple's Est., 189 Pa. 385, 393); therefore, on the findings and evidence in this case, we cannot say the court below should have adopted it rather than the figures which the auditing judge determined upon as the amount, or price, which should have been secured by the exercise of proper diligence on the part of the administrator."

The accountant has excepted to the award to the parties of the income from the investments with which he is surcharged, contending that he should pay them two per cent. allowed on bank balances and that he should receive the income in question.

Cuyler's Estate, 5 D. & C. 317, 323, has a direct bearing on this question. Therein this court said:

"The distributee exceptant seeks, however, to apply the same rule in aid of a surcharge of income. He contends that while the surviving life-tenant was in receipt of items of interest ranging from 5 to over 7 per cent., there were from time to time small items of principal uninvested, and for a period of years no income was received from a considerable unauthorized investment, and he asks that 4½ per cent. interest be surcharged on these items.

"The auditing judge points out, however, that under section 44 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, the court shall determine the interest to be allowed 'in all cases,' having regard, however, to 'all the circumstances of the case.' The question, therefore, before us on these exceptions is, to use the language of Judge Penrose in Dugan's Estate, 18 W. N. C. 39, does 'the action of the auditing judge' do 'injustice to any of the parties.' "

This question is peculiarly for the auditing judge, and we find no abuse of discretion. He has not allowed any interest on the surcharge but has given the income on the investments in question to the parties in interest. In the absence of manifest error, his ruling will not be disturbed.

The exceptions are dismissed and the adjudication is confirmed absolutely.