## Oleniak's Estate

*M. T. McManus* and *Joseph Newmann Smith*, for petitioner.

*John R. Umsted* and *Ralph B. Umsted*, for guardian.

LADNER, J., February 7, 1941.—In this case, pursuant to petition filed by the wife of Michael Oleniak (late a minor), a citation was directed to the guardian of his estate, to show cause why a mortgage (being the sole asset of the estate) should not be sold at private sale for the purpose of carrying out an award by the auditing judge. The matter came before the court on petition and answer, from which the following facts appear: Petitioner, Wanda Oleniak (late minor's wife), in proceeding brought in the Municipal Court, secured an order of support, dated May 13, 1938, by which the guardian was directed to pay to the deserted wife, out of the funds in its possession belonging to the said minor, the costs of the proceeding and the weekly sum of $6, payable each week until plaintiff had received one third of said funds, or until further order of the court. Upon this decree, which was entered pro confesso (the minor having disappeared), payments of 16 weeks, amounting to $96, were made, which exhausted the cash funds in the guardian's hands.

On January 30, 1939, an account was filed by the guardian which was audited February 6, 1939. The adjudication which followed recited that the account was filed for the purpose of permitting the wife to secure an award based on the Municipal Court decree, "and in order that a mortgage may be converted for payment of award." The auditing judge (Bolger, J.) made his awards in the following language, viz:

". . . the amount due Wanda Oleniak, the wife of the late minor, under the decree of the Municipal Court as aforesaid, is awarded to her; and the balance, *composed as indicated in the account,* together with such income as may accrue to date of payment, is awarded to the late minor, Michael Oleniak.

"Leave is hereby granted to make all necessary transfers and assignments."

An inspection of the account audited shows that the balance, "composed as indicated in the account", is a $1,500 bond and mortgage secured on premises 2613 Dickinson Street, due on demand, which is held by the guardian subject to the sum of $31.37 advanced by accountant.

The petition before us avers this mortgage to be not only overdue but in default since December 13, 1937, as to payment of interest as well as to payment of taxes for the years 1938, 1939, and 1940. The real estate in question is assessed for taxation in the sum of $2,400, and the guardian's appraisement under date of March 19, 1938, shows a value of $1,800.

An offer for $1,100 has been received for the mortgage by the guardian, which is the best offer it has been able to secure, and petitioner, averring her belief that the offer is fair and the mortgage not worth the par value, prays a decree that the guardian be compelled to accept the offer and to sell the mortgage for that price.

The answer of The Pennsylvania Company for Insurances on Lives and Granting Annuities, guardian, admits the essential facts though denying that more than $192, the amount of arrearages due at the time of the ad-

judication, is payable under the award of this court. The guardian also avers receipt of a letter from the late minor, dated June 14, 1939, following which papers were sent to him, including an assignment of mortgage, which has not been returned nor has anything since been heard from him; that it is not informed whether the late minor is now living or dead, nor whether he has since been inducted into the military service of the United States. The answer closes with the statement that the guardian submits itself to the order of this court.

At the argument, the learned counsel for the guardian contended, first, that after a minor has become of age and an account is filed by his guardian and adjudicated, the orphans' court has no jurisdiction to direct a sale by the guardian of a mortgage held in the estate of the late minor, nor has the guardian any power to convert assets after the minor has become of age; second, that the minor is entitled to the benefit of the provisions of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, — Stat. at L. —. The second point may be disposed of without difficulty. There is no evidence that Michael Oleniak has been inducted into the military or naval service of the United States, and until that fact appears affirmatively of record that possibility furnishes no stay on any power we may have to proceed.

The argument of the able counsel for the guardian on the first point is based upon the assumption that Judge Bolger made an award to the minor of a mortgage held by the guardian in kind, subject to the lien of the $192 award to the wife. We do not so interpret his adjudication. Bearing in mind that, upon the audit of a final account such as this, distribution in kind is the exception and not the rule: Giese's Estate, 119 Pa. Superior Ct. 232; to justify it requires application to the court to exercise its power to so decree, or at least consent of the party in interest to so take. No petition for distribution was filed by the accountant, praying a distribution in kind. The only petition for distribution before the auditing

judge was that filed by the wife, and she prayed for an award to her of the sum then in arrears and for a decree to enable the guardian to convert the mortgage held by it into cash for payment of the award.

Judge Bolger's adjudication, in effect, grants the prayer of this petition. He specifically awards to her the amount due her and the balance is awarded to the late minor. If this award cannot be complied with except by converting the mortgage in which the late minor's estate is invested, we entertain no doubt that the guardian retains sufficient power to do so, for the purpose of making the distribution decreed.

We doubt our power to direct a fiduciary to sell personal property at private sale. The rule seems to be that laid down in Tyson's Estate, 80 Pa. Superior Ct. 29, 31 (1922), viz:

"If an administrator sells at public sale, the burden is upon any one who seeks to surcharge him with a loss; but in case he sells at private sale, which he has the legal right to do, the burden is on him to show that the prices obtained were the market values of the articles sold." See also Shaw's Estate, 65 Pitts. L. J. 830.

We, therefore, content ourselves with directing the guardian to liquidate the mortgage for the purpose of complying with the auditing judge's decree of distribution.

Petitioner claims that she is entitled to receive not only the specific sum of $192, the accrued arrearages at the time of the audit, but also the further weekly sums of $6 per week accruing thereafter, ordered by the Municipal Court to be paid by the guardian until one third of the minor's estate was exhausted. It is sufficient to say that the Superior Court has held in Colucci's Estate, 83 Pa. Superior Ct. 224, 231, that the Municipal Court has no authority to make such an order on a guardian appointed by this court. Hence she is restricted in this proceeding to the amount of the arrearages awarded by the auditing judge as due her at the time of the audit upon the decree

there presented. The guardian will hold the balance of the proceeds of the mortgage awarded as agent or custodian thereof for the minor to whom the same was awarded. Further proceedings to collect thereagainst will be not in this court, for our jurisdiction ends with the settlement of the guardian's account and distribution pursuant thereto (McCoy's Estate, 16 Dist. R. 171; McDonald's Estate, 35 Pitts. 386), but by execution in the nature of attachment issuing out of the Municipal Court and under the statutes governing such proceedings.

Counsel will agree upon an appropriate form of decree in accordance with this opinion and submit the same for signing.