Ensslen Estate.

Argued March 22, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Ivan Michaelson Czap,* for appellant.

*George M. Brodhead,* with him *Joseph W. Henderson, W. Simms Sharninghausen* and *Rawle & Henderson,* for appellees.

OPINION BY RENO, J., July 23, 1948:

The administratrix and daughter of the decedent, Susan E. Ensslen, petitioned the court below for, and secured, a citation upon John Ensslen, decedent's husband and petitioner's step-father, requiring him to show cause why certain personal property of the estate al-

legedly in his possession should not be turned over to the administratrix. Two other persons were also named as respondents, but no serious attempt was made to fasten responsibility upon them. They appeared here as appellees, but the controversy is actually between the administratrix and John Ensslen, and he is hereafter called the appellee. The value of the property was averred at $325, but the petition did not claim for the value, and was limited to a prayer for a decree requiring the return of the goods. After answers had been filed a hearing judge took the testimony, and in an opinion, approved by the court en banc, dismissed the petition. The administratrix appealed.

The grounds upon which the dismissal was based are stated in the opinion of the hearing judge: (a) "In most instances, the testimony is of such a general nature that it also is impossible to identify the property in dispute with sufficient particularity that a decree could be framed respecting that property"; and (b) "The petitioner has failed to carry the burden of proof, that property of the decedent is now in the possession of the defendants, or any of them, and it is found as a fact that no such property is presently in the possession of the defendants." The latter conclusion rests upon a finding of fact as to which the hearing judge stated: "The case as presented to the Court is primarily a question resolving a conflict between the testimony of the daughter-petitioner and the husband-respondent. It is held as a fact that the husband's testimony that he does not have in his possession at the present time any property of the decedent is credible, and his testimony is accepted as true."

The proof of the identity of the articles, in the view we take of the case, is not important. We agree that the question of present possession of the property necessarily depended upon the credibility of the witnesses, and the record, as we read it, contains testimony which, if believed, is sufficient to support the finding. We are

therefore bound by it. *Deal's Est.,* 321 Pa. 484, 184 A. 453; *Frank's Est.,* 339 Pa. 499, 15 A. 2d 353.

Appellant contends that, notwithstanding the finding, the court should have decreed the return of the property, admittedly a part of the decedent's estate, employing its power to attach for contempt for that purpose, or as an alternative remedy require appellees to pay its value to the administratrix. Since it was admitted that some of the property belonged to the decedent and had been in her possession at the time of her death, and appellees expressly submitted themselves to the jurisdiction of the court, the power of the court to enter an appropriate order cannot be denied. *Williams' Est.,* 236 Pa. 259, 84 A. 848; *Crisswell's Est.,* 334 Pa. 266, 5 A. 2d 577. Nor is there so much as an intimation in the court's opinion that relief was refused for lack of jurisdiction, and appellant's argument on that question is beside the point.

No explanation for the failure to decree return of the specific articles is vouchsafed by the court, and none is needed. It is clear that the hearing judge believed that appellee did not have the goods in his possesssion at the time of the hearing, or when the citation was issued. Had he entertained any doubt he would not have framed the broad finding above quoted. Moreover, although it is not distinctly avowed, the finding must be taken as including the hearing judge's conviction that the goods were no longer within or subject to appellee's control, else a decree to return would doubtless have been entered. Since appellee did not have possession or control of the personal property, a decree to return would have been a mere gesture, and an attachment for contempt would have been equally fruitless. Cf. *Maggio v. Zeitz,* 333 U. S. 56, 68 S. Ct. 401. Furthermore, appellee is not a fiduciary or a constructive trustee; he did not practice actual or legal fraud in the procurement or disposal of the property; at the most he would be chargeable only with carelessness as to some items

of the property while they were in his possession. In these circumstances, in the absence of fraud or breach of trust, commitment for contempt would not have been sanctioned. *Messmore's Est.*, 293 Pa. 63, 141 A. 724; *Allen v. Pennypacker*, 302 Pa. 495, 153 A. 734; *Brierhurst Realty Co. v. Lembrecht*, 299 Pa. 9, 148 A. 863; *Ross v. Dever*, 298 Pa. 146, 148 A. 75. And, finally, unless there is a showing of abuse of discretion, the refusal to commit for contempt, or to take the necessary procedural steps leading to a commitment, is not reviewable on appeal. *Seidman's Est.*, 270 Pa. 465, 113 A. 671; *Davidyan v. Davidyan*, 333 Pa. 465, 3 A. 2d 921, and the cases there cited.

The court below did not discuss the refusal of a decree requiring payment of the value, and the reason is apparent. No claim for the value was made in the petition, and at the hearing, in response to the judge's question, "Gentlemen, is the value important? Is not the question simply of ownership?" appellant's counsel said, "Not to us, because we are asking for the return of the items, sir." If this is error, it is an invited or a concurrent error. No amendment was offered to the petition, and the contention first appeared in appellant's exceptions to the decree. In the circumstances of this case, we are not warranted in reversing the court below.

Nevertheless, we think appellant should have an opportunity of recovering for the estate the value of that property of decedent of which appellee took possession and did not return or account for. Whether this shall be accomplished in the final accounting or distribution or by a separate proceeding in the orphans' court or by an action in another court, we do not decide. But so that the question may remain open and the present decision not operate as res adjudicata, and in the interest of justice, we have concluded that the decree of dismissal should be modified by adding to the end thereof the following: "without prejudice to the right of

the petitioner to seek in this court or elsewhere appropriate relief or recovery for the value of the goods." Cf. *Slagle's Est.*, 335 Pa. 552, 560, 7 A. 2d 353.

The decree is modified as stated, and as modified is affirmed.