## Ex Relatione Scott *versus* The Jailer.

<div style="float:right">Grant.<br>1g 237<br>185 501</div>

1. The Acts of Assembly, conferring chancery powers, carry with them as a necessary incident to the jurisdiction, the authority to enforce decrees by the ordinary process of attachment, sequestration, &c., unless that authority be excluded by legislative enactment.

2. The Act of 16th June, 1836, regulating the power of the several courts " to issue attachments, and to inflict summary punishment for contempts of courts," has no relation to attachments to enforce decrees in equity, where the object is not to " inflict punishment" but to compel performance of such decrees.

3. A decree in equity for the payment of money due upon a contract cannot be enforced by attachment, since the Act of July 12, 1842, abolishing imprisonment for debt.

*Coram,* LEWIS, C. J., at Chambers. Habeas Corpus.

*Hirst,* for relator.

[Ex Relatione Scott *v.* The Jailer.]

*Bayard* and *Williams*, for respondent.

Opinion by

Lewis, C. J.—The acts of assembly conferring chancery powers, carry with them, as a necessary incident to the jurisdiction, the authority to enforce decrees by the ordinary process of attachment, sequestration, &c., unless that authority be excluded by legislative enactment. The Act of 16th June, 1836, regulating the power of the several courts of the Commonwealth "to issue attachments, and to inflict summary punishment for contempts of court," has no relation to attachments to enforce decrees in equity, where the object is not to "inflict punishment," but to compel performance of such decrees. But the Act of 12th July, 1842, abolishing imprisonment for debt, seems to have a direct application to such cases. It declares that "no person shall be arrested or imprisoned on any civil process issuing out of any court of this commonwealth, or any suit or proceeding, instituted for the recovery of any money due upon any judgment or decree, founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract, excepting in proceedings as for contempt to enforce civil remedies," &c., "in which cases the remedies shall remain as heretofore." The general words of this statute embrace decrees in equity, as well as judgments at law, in all cases where the judgment or decree is for the payment of money due on a contract. But the question arises whether the exception in favor of "proceedings as for contempt to enforce civil remedies," embraces constructive contempts, arising from the non-payment of money due on a contract, after the amount has been ascertained by a decree in equity. The words of the exception might, it is true, be construed to embrace such cases. But we must not lose sight of the main object of the statute, which was to relieve from imprisonment in all cases where no offence appears, except that of omitting to pay money due on a contract. That omission may be as likely to arise from inability and misfortune as from perverseness. Where there is no evidence of fraud, in disobeying the decree, there is no contempt at all, within the meaning of the exception. Where, on the contrary, there is evidence of fraud, the act of assembly makes provision for investigating the facts, and prescribes a course of proceeding which excludes imprisonment until the fraud be established. In favor of liberty, and in view of the chief object of the Act of 1842, I feel bound to adopt the construction, that the power to imprison for the purpose of enforcing a decree for the payment of money due on a contract, no longer exists. See 2 Pa. Law Jour. 155; Brightly's Equity Jurisprudence, sec. 748.

In this case there was a decree with a double aspect. It re-

[Ex Relatione Scott v. The Jailer.]

quired the delivery of deeds, as well as the payment of money due on a contract. The deeds were executed and deposited with an officer of the court, in pursuance of the third article of the Act of 17th March, 1845. This was done at the time the appeal was taken to this court; and upon the affirmance of the decree, the remedy for the delivery of the deeds was an order of the court upon its own officer, and not the imprisonment of the party for not delivering deeds which had already been so far delivered that they were no longer in his power. But when Mr. Scott was brought into court on attachment, the deeds were at once delivered to the proper party in accordance with the decree; and the only part of it which remained unperformed, was that which required the payment of the money due on the contract and the costs. For this, and this alone, the relator was committed to prison. All this fully appears by the record. Where the record shows that the imprisonment is for this purpose alone, and that no other contempt was alleged or adjudicated, the process of imprisonment is void, and may be disregarded, on habeas corpus, as furnishing no sufficient cause of detainer.

There is a rule of the Supreme Court, which declares that when the decree is solely for the payment of money, final process to execute it may be by suit of execution in the form used in the same courts in suits at common law in actions of assumpsit. This does not of itself exclude imprisonment under the usual process of courts of equity to enforce decrees. On the contrary, it gives an additional remedy.

But the Act of 1842, is more restrictive in its operation. It expressly prohibits imprisonment to enforce decrees for the payment of money due on contracts, and the rule of court must not be construed as a repeal of that statute. It was not even intended as a construction of it. The rule is copied from the equity rule of the United States courts, and was adopted by the State court in obedience to the act of assembly. It does not in terms provide for a decree in which the double obligations to deliver deeds and to pay money are sought to be enforced. Such a decree must therefore be enforced according to the general practice in equity, subject to the modification required by the statute.

Where, in ejectment, there is a judgment for land, and also for the payment of damages and costs, the land is delivered on a writ of *habere facias possessionem*, and the damages and costs are collected on a *fi. fa.* In like manner, where the decree is for the delivery of deeds, and also for the payment of money, the first may be enforced by attachment, while the last may be collected by process of execution, as an action of assumpsit, or by such other process as a court of equity may use, without violating the act abolishing imprisonment for debt. The inconvenience of erving the process of execution, according to the nature of the

decree, is certainly no reason for depriving the citizen of his liberty contrary to law.

The evils which might flow from the nullification of process of the Common Pleas by a single judge of the Supreme Court, have not escaped consideration. But in the present case I am relieved from all difficulty on that score by the opportunity I have had of consulting my brethren. Judges Lowrie, Woodward, and Knox full concur in the views herein expressed. Judge Black has not been heard from, but I do not think it proper to detain the relator in prison any longer, as a majority of the court entertain the opinion that he is entitled to his discharge from prison.

The prisoner is discharged from imprisonment.