## KALBFUS & JONES v. E. D. RUNDELL.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF BRADFORD COUNTY.

Argued March 18, 1890—Decided April 7, 1890.

Where a judgment has been recovered in an action in case in the nature of a conspiracy, the cause of action declared upon being a tort and not a mere breach of contract, the plaintiff is entitled to have a writ of capias ad satisfaciendum for its enforcement.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 61 January Term 1890, Sup. Ct.; court below, No. 594 September Term 1886, C. P.

On August 3, 1889, the record of the case reported as Rundell v. Kalbfus, 125 Pa. 123, having been remitted to the court below, Kalbfus & Jones, the plaintiffs, caused a writ of capias ad satisfaciendum to issue, which was executed by the arrest of the defendant Rundell.

On August 7, 1889, the defendant, in the custody of the sheriff, appeared before the court with his counsel; and the record and all the proceedings in the cause, with the writ upon which the defendant was detained, being submitted, counsel moved the court to quash the writ. Thereupon a rule to show cause was granted, the defendant being admitted to bail for his appearance.

Opinion of Court below.

The matter having been argued, on October 14, 1889, the court, SEARLE, P. J. 34th district, presiding, filed the following opinion :

The learned judge before whom the case was tried, in his charge to the jury clearly indicated that the cause of action was the tortious conversion of the property of plaintiffs, and not the breach of contract between plaintiffs and Rundell. It is true that the declaration charges that the wrongful conversion of the property, hay and straw, of plaintiffs, was made by Billings and Fell, as well as by Rundell, and that they all then conspired together to cheat and defraud plaintiffs in this manner. The jury have found Billings and Fell not guilty of participation in the fraud, and consequently not guilty of the conspiracy to defraud, but they did find Rundell guilty of the fraudulent conversion of the property of the plaintiffs, and the Supreme Court have affirmed the judgment.

In Emerson v. Dow, 11 W. N. 270, a capias ad respondendum was held to have been rightly issued when defendant was charged by affidavit with the fraudulent conversion of the property of plaintiff. In that case, as in this, the defendant was given an opportunity to fraudulently convert the property of plaintiffs by reason of the existence of a contract between the parties. In the case of Bowen v. Burdick, 3 Clark 226, relied upon by the defendant, the allegation by affidavit was that the defendant obtained goods and merchandise by means of false representations of his capital and expectations. In discharging the defendant from court, on capias ad respondendum; Justice SHARSWOOD says : " We do not mean to express any opinion in regard to final process. . . . . It may present a somewhat different question, inasmuch as the defendant in that case will have had an opportunity of controverting the allegation of fraud on the trial."

From the records in this case, the declaration, charge of court, and affirmation of judgment by Supreme Court, we think it clear that the cause of action passed upon by the jury, was the fraudulent conversion by the defendant of the property of plaintiffs, and that the capias ad satisfaciendum was rightly issued upon the judgment. The rule to show cause why the capias ad satisfaciendum should not be set aside, is therefore discharged.

—Thereupon the defendant took this appeal assigning the issuance of the writ of capias, and the order discharging the rule to quash said writ, for error.

*Mr. D'A. Overton* and *Mr. John F. Sanderson*, for the appellant.

That the form of the action was not conclusive, counsel cited: Cornog v. Delaney, 11 W. N. 575; Emerson v. Dow, 11 W. N. 270; Phila. Coal Co. v. Huntzinger, 6 W. N. 300; Howard v. McKee, 82 Pa. 409; Tryon v. Hasssinger, 1 Clark 184; Weall v. King, 12 East 452; Brown v. Boorman, 3 Q. B. 511; Brown v. Treat, 1 Hill 225; Henderson v. Sherborne, 2 M. & W. 239.

*Mr. I. McPherson* (with him *Mr. H. N. Williams* and *Mr. E. J. Angle*), for the appellees.

That the judgment was conclusive of the character of the declaration as in tort, counsel cited: Collins v. Cronin, 117 Pa. 35; Rundell v. Kalbfus, 125 Pa. 123; Howard v. McKee, 82 Pa. 409; Tryon v. Hassinger, 1 Clark 184; McDuffie v. Beddoe, 7 Hill 577; Suydan v. Smith, 7 Hill 182.

PER CURIAM:

The only error assigned is, that the court below erred in issuing the writ of capias ad satisfaciendum, and in discharging the rule to set aside the said writ. The judgment upon which this writ issued was affirmed by this court in Rundell v. Kalbfus, 125 Pa. 123. It appears very clearly from the report of that case, as well as from the record now before us, that it was an action in case in the nature of a conspiracy. It was there held to be an action for a tort, and not upon a mere breach of contract. We see no reason why the plaintiff should not have his capias, and the court below committed no error in discharging the rule.

Affirmed.