The Equitable Trust Company, Committee of the Estate of Katharine S. Garis, a Lunatic, *v.* David V. Garis, Appellant, and the Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company.

*Equity—Decree—Appeals—Review.*

Where, after an appeal to the Supreme Court, a decree is entered by the court of common pleas on a bill in equity precisely in the manner suggested by the Supreme Court, an appeal from such decree will not be considered.

*Equity—Contempt—Attachment.*

Where a defendant in a bill in equity refuses to obey a decree directing him to make discovery and permit inspection of property in his possession, he may be properly attached for contempt.

Argued Jan. 10, 1900. Appeal, No. 265, Jan. T., 1899, by defendant, from decree of C. P. No. 3, Phila. Co., on bill in equity. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for discovery and an injunction. Before McMichael, J.

The facts appear by the previous report of the case in 190 Pa. 544. See also Garis's Appeal, 185 Pa. 497.

The final decree of the court was as follows:

And now, to wit: June 12, 1899, on motion of Harrity, Lowrey and Thompson, attorneys for the Equitable Trust Company, committee, it is ordered and decreed that the decree of the court herein made and rendered, June 6, 1899, be amended to read as follows:

That on Wednesday, June 14, 1899, at 2 P. M., the defendants, David V. Garis and the Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company make discovery unto the Equitable Trust Company, committee, and that the said committee have inspection of the contents of the box and safe in the vaults of the Columbia Avenue, Saving Fund, Safe Deposit, Title and Trust Company, as mentioned in the bill in equity filed in the above case, said discovery and inspection to be made in the presence of the parties to the above entitled case, or their respective attorneys; that immediate delivery be made to the Equitable Trust Company, committee of the estate of Katharine S. Garis, a lunatic, of such of the contents of said box and safe as are or may be admitted by David V. Garis, one of the above named defendants, to be the property of the lunatic; that the said David V. Garis be enjoined and restrained until final hearing or until further order of the court, from selling, pledging, assigning, removing, or otherwise interfering with such contents of said box and safe as may be claimed by him, but also claimed by the committee as the property of the lunatic, with leave, however, to the said David V. Garis to apply at any time to the court for permission to resume the possession and control of any of the said contents upon giving security that the same, or the value thereof, shall be forthcoming to abide the final decree in this case; that the said David V. Garis be at liberty in the presence of the proper attorneys or representatives of the Equitable Trust Company, committee of the estate of Katharine S. Garis, a lunatic, and of the Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company, to remove such contents of the said box and safe as are not claimed by the

said committee as the property of the lunatic ; that the Columbia Avenue Saving Fund, Safe Deposit, Title and Trust Company be enjoined and restrained from permitting the said David V. Garis, after making such removal, to have access to the said box and safe, except in the presence of the attorney or representative of the said the Equitable Trust Company, committee.

On June 28, 1889, the court made absolute a rule for an attachment against David V. Garis, who had not complied with the decree of June 12.

*Errors assigned* were (1) the decree of the court ; (2) the order for the attachment.

*Samuel M. Roberts*, with him *Allen H. Gangewer*, for appellant.

*Alfred R. Haig*, with him *Henry C. Thompson, Jr., Dwight M. Lowrey* and *William F. Harrity* for appellee.

PER CURIAM, January 29, 1900 :

The final decree of the learned court below in this case is precisely as we said it should be when the case was here before, 190 Pa. 544, and hence it was not erroneous in any respect. We therefore affirm the order making absolute the rule for an attachment.

Order affirmed and appeal dismissed at the cost of the appellant.