# Bauer *v.* Byrd, Appellant (No. 3).

*Equity—Injunction—Disobedience—Contempt of court.*

Where in a suit in equity for an injunction the defendant disobeyed decrees restraining him from removing a one and one-half-inch pipe which supplied plaintiff's laundry with steam and from shutting off plaintiff's supply of steam, a decree adjudging defendant guilty of contempt of court will be reversed where it appeared that the decrees granting the injunction were contradictory in certain particulars and erroneous with respect to the size of the pipe through which defendants were required to furnish the steam to the plaintiff.

Argued Jan. 16, 1914. Appeal, No. 165, Jan. T., 1913, by defendant, from decree of C. P. No. 5, Philadelphia Co., June T., 1912, No. 4368, in equity, adjudging defendant guilty of contempt of court in case of Louis C. Bauer and James Warnock, trading as The American Laundry, v. John Byrd. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition for a rule to show cause why defendant should not be adjudged in contempt of court. Before RALSTON, J.

The opinion of the Supreme Court states the facts.

The court entered a decree adjudging the defendant guilty of contempt. Defendant appealed.

*Error assigned* was the decree of the court.

*Ira J. Williams,* of *Simpson, Brown & Williams,* with him *Joseph P. Gaffney,* for appellant.

*Joseph R. Embery,* for appellees.

OPINION BY MR. JUSTICE ELKIN, March 2, 1914:

This is an appeal from a decree adjudging appellant

to be in contempt for violating certain decrees of the court below relating to the furnishing of steam to appellees for use in their laundry business. The decree awarding the preliminary injunction restrained defendant from cutting off the exhaust steam or lessening the supply of live steam at a pressure of sixty pounds to the leased premises; and also from interfering with the pipes through which the live ' steam was furnished. After hearing, the final decree required appellant to furnish live steam through a one and one-half-inch pipe in the same manner and to the same extent as it was furnished at the commencement of the suit. It was further ordered that appellant refrain from altering or interfering with the one and one-half-inch pipe. This is one of the decrees, for the violation of which, appellant was adjudged to be in contempt. We have just decided in another case that appellant was only required to furnish live steam through a one-inch pipe under the terms of the contract. Hence, the decree requiring him to furnish live steam through a one and one-half-inch pipe, being improvidently entered, was reversed.

The other decree adjudged appellees to be entitled to such pressure of steam, for use in their business, through a one and one-half-inch pipe, as the capacity of the boilers may reasonably furnish with the same connections as existed at the commencement of this suit, without any unfair obstruction; also that appellees were entitled to exhaust steam. In the case in which that decree was entered, there was a reversal here, and the record was remitted with directions to modify the decree so as to require appellant to furnish live steam through a one-inch pipe, and in accordance with the views expressed in that opinion relating to the rights of the parties.

In this state of the record appellant should not be adjudged in contempt so as to make this a permanent and binding decree of the court against him. It was the duty of appellant to comply with the decrees of the learned court below in good faith, but when those de-

crees were conflicting and indefinite in some respects, and erroneous in others, the time has not yet arrived when it can be said that the facts constituting the contempt have been clearly and satisfactorily established as the rule requires. To permanently adjudge one to be in contempt for violating a decree, subsequently determined to be of no binding force, would be an extreme and unjustifiable exercise of judicial power.

May 22, 1914:

Since writing and handing down the opinion in this case, the parties by an agreement in writing have stipulated the terms and conditions upon which the steam is to be used and furnished, and the court now expresses its approval of that agreement, which was duly executed May 22, 1914. This agreement in the future will be accepted as defining the legal rights of the parties and will be the guide to all concerned.

Decree reversed and petition dismissed. Costs to be equally divided between the parties.