## Colbourn v. Colbourn.

*Husband and wife—Separation agreement—Attachment for alimony—Act of July 12, 1842.*

The Act of July 12, 1842, § 1, P. L. 339, forbids the attachment of the person of the defendant for contempt of a decree directing the payment of money due as alimony under a separation agreement.

Rule to show cause why an attachment should not issue. C. P. No. 4, Phila. Co., Dec. T., 1921, No. 2384.

*Tustin & Wesley,* for plaintiff; *U. S. Koons,* for defendant.

FINLETTER, J., Jan. 8, 1923.—The question involved is whether the Act of July 12, 1842, § 1, P. L. 339, forbids the attachment of the person of the defendant for contempt of a decree directing the payment of money due as alimony under a contract.

The proceedings in which the decree was entered are in equity for the specific performance of a contract regulating the separation of the parties, who are husband and wife, and particularly for the enforcement of a covenant by the husband to pay "alimony."

We are of opinion that the statute forbids the imprisonment of the defendant in such proceedings.

Decrees in equity, as well as judgments at law, are within the act: Pierce's Appeal, 103 Pa. 27; Scott v. The Jailer, 1 Grant, 237. And the present situation is within its express terms.

"No person shall be arrested . . . on civil process . . . in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract."

The plaintiff's bill is based upon a contract, and her prayers are for its specific performance, and the decree is for the payment of money.

It is argued, however, that the reasoning of the decisions which permit an attachment to enforce the payment of trust funds wrongfully withheld or converted by a trustee justify by analogy the enforcement by the same process of the payment of alimony. Attachment has been permitted against a trustee even when the trust is created by contract, the court saying that the contract is but an incidental circumstance, the real liability resting upon the fundamental duty of the trustee to account: Morrison v. Blake, 33 Pa. Superior Ct. 290.

The plaintiff argues that, in the case at bar, there is a fundamental duty of maintenance owing by the husband to the wife. This the court should enforce as it would the payment of trust funds.

2 D. & C.

Colbourn *v.* Colbourn.

The argument would be stronger if the analogy were more complete. The cases relating to trusts are excepted from the operation of the Act of 1842, not only because the basis of the claim is not a contract but a legal duty, but also because a "breach of trust" is something more than a contract. In addition, reasons of expediency had a great influence upon the conclusion of the court, for unless the trustee could be reached by attachment, he could not be reached at all, if he had no property of his own. He might rest secure in the enjoyment of the trust funds, for they could not be taken in execution under a writ directed against the personal funds of the trustee: Chew's Appeal, 44 Pa. 247. That is to say, without the right of attachment, the *cestui que trust* would be without remedy and the decree of payment impotent.

Not so, however, as to maintenance. While the married relation subsists alimony may be decreed by the courts having jurisdiction over the domestic relations: Act of April 13, 1867, P. L. 78. Or if a divorce is pending, a decree may be made by the court that issued the subpœna. The injured wife is not, therefore, without remedy.

It seems to us that the plaintiff's position is scarcely logical. She argues, for the purpose of obtaining an attachment of his person, that the contract between herself and her husband is not the real foundation of her claim, but that it rests upon the fundamental duty of the husband to maintain her. Yet she does not go to the court which has jurisdiction to enforce that right; but, ignoring the so-called fundamental right, she sues in a court which has no jurisdiction to make a decree for alimony except where the parties have contracted to pay it, and in divorce proceedings; and she there bases her claim, not upon her general right to maintenance, but upon a certain private contract which she wishes specifically enforced. That is, she gets her decree by force of the contract, and then asks an execution forbidden to issue in cases founded upon contract. This will not do. If she stands on the general right to maintenance, she must pursue the remedy provided. If she stands upon the contract, she must be content with the means provided by the law for the enforcement of contracts.

The only precedents precisely in point that we can find, after an extended search, are Aspinwall *v.* Aspinwall, 53 N. J. Eq. 684, and Esdaile *v.* Visser, L. R., 13 Ch. Div. 421, where the right to an attachment was denied. See, also, Glynn *v.* Glynn, 8 N. D. 233.

Nor can we follow the plaintiff in her suggestion, based upon a *dictum* in Com. *v.* Richards, 131 Pa. 209, that where an agreement of separation is made directly between husband and wife without the intervention of a trustee, the husband is himself a trustee with respect to the sums he covenanted to pay. A trusteeship was required, before the passage of the Married Woman's Act, by the common law principle of the single legal entity of the two spouses. There is nothing in the idea of alimony that of itself gives rise to a trusteeship. The inability of the wife and husband (one person in the eyes of the law) to contract with each other required a trustee to contract on behalf of the wife. For sums paid by the husband to him for the use of the wife the trustee was, of course, responsible. But with the lack of necessity for an intervening trustee, all ideas of trusteeship and its consequences fall. To hold that a husband (party to a separation contract), who has only promised to pay, is in the same position as a trustee who has in fact received a trust fund is to hold the contracting husband to a higher liability than that of the trustee. The latter is responsible only for what he has in fact received. The husband would, on the plaintiff's theory, be held as trustee for money he may never have received, *e. g.*, if, after signing a contract to pay alimony, he has

become a pauper. The idea of a trust involves the idea of property in the hands of a trustee. A trustee of an unperformed promise to pay cannot be held liable for the possession of money paid.

For these reasons, we think the rule should be discharged.