## Brierhurst Realty Company v. E. R. French & Co.

*Charles L. Smyth*, for plaintiff; *Francis F. Burch*, for defendant.

LEWIS, J., May 23, 1929.—This matter is now before the court on a rule on the defendants, granted upon petition of the plaintiff, to show cause why an attachment should not issue against them for contempt by reason of the fact that they have not paid the amount directed to be paid by them in the final decree.

In support of its rule, plaintiff relies upon such cases as Messmore's Estate, 293 Pa. 63 (1928), and Com. ex rel. Di Giacomo *v.* Heston, 292 Pa. 63, 68, and in an endeavor to bring this case within those relied upon, it is contended that the defendants here were trustees of the funds collected by them in their capacity as agents for the plaintiff. If the premise upon which plaintiff's position rests were true, it is likely that the situation would be controlled by the cited cases, but it is not. A reference to the master's report filed in this case, after many meetings and much testimony taken in connection with the account filed by the defendants and the exceptions thereto, shows clearly that the moneys collected by them under the agency agreement were not held as trust funds; the balance set forth in the final decree constituted the amount remaining due as a result of the complicated accounting. Everything points to the fact that the entire matter, which forms the basis for this proceeding, represented a joint venture of the defendants and the other persons interested in the plaintiff corporation. The arrangement existing between the plaintiff and the defendants contemplated that the latter should collect rentals of the apartment-house and make disbursements and expenditures therefrom, a large discretion being vested in the defendants as to the amounts and

nature of expenditures. There were many disputes as to the disbursements actually made from these funds, and defendants asserted they were entitled to additional credits to those allowed, but the master, after listening to the testimony, concluded that the defendants were indebted to the plaintiff in the sum of $4446.56, with certain interest. He specifically found that there was no fraud on the part of the defendants, and as further indication of his feeling in the matter, divided the costs between the parties. It is clear that the acts of both parties and the way they transacted business between them contributed to the necessity of this proceeding.

We feel that the decree in the present case was one requiring the payment of money arising from a contract, and that, therefore, to make the present rule absolute, would be a violation of the Act of July 12, 1842, P. L. 339, regarding arrest or imprisonment on any civil process in a suit instituted for the recovery of money due under a decree founded upon contract. While it is to be regretted that the defendants have not complied with the order of the court, there is no evidence of fraud on their part in disobeying the decree and there is no contempt: Com. ex rel. v. Heston, 292 Pa. 63. Rule discharged.