## Ross, Appellant, *v.* Dever.

Argued October 2, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Albert B. Graver,* of *Wendt, Graver & Richardson,* for appellant.—Where one has fraudulently obtained money from another by inducing him to purchase property through false representations, and a court of equity has ordered that the sum so obtained be repaid, an attachment will issue to enforce the order of repayment: Duff v. McDonough, 2 Pa. Superior Ct. 373; Scott v. Jailer, 1 Grant 237; Com. v. Heston, 292 Pa. 63; McCarrell v. Mullins, 141 Pa. 513; Wilson v. Wilson, 142 Pa. 247; Keating v. Rockhill, 78 Pa. Superior Ct. 139; Tetlow v. Rust, 227 Pa. 292; Rice v. Braden, 243 Pa. 141; Graham v. Cummings, 208 Pa. 516; Alexander & Co. v. Goldstein, 13 Pa. Superior Ct. 518; Kalbfus & Jones v. Rundell, 134 Pa. 102; Tryon v. Hassinger, 1 Clark 184.

A court of equity, which has made a decree, is bound to use every lawful power to enforce such decree and to grant to persons benefited by said decree all lawful remedies for the enforcement of the same: Scranton City v. Coal Co., 274 Pa. 63; State Grand Lodge v. Morrison, 277 Pa. 41.

No brief for appellee.

OPINION BY MR. JUSTICE SADLER, November 25, 1929:

The plaintiff, Ross, agreed in writing, on June 21, 1926, to purchase from the defendant an undivided interest in a real estate business for $7,000 in cash and a

promissory note for $3,000. The transfer contemplated was made and the consideration paid. Later, the buyer discovered that misrepresentations had been made, and he filed a bill in equity, demanding that the obligation given be returned and the money consideration be repaid, with interest. The court found as a fact that the statements made to induce the plaintiff to enter into the contract were false, and that the sale had been consummated on the faith thereof for a sum much in excess of the actual value of the property sold, and a final decree was entered as prayed for. The defendant returned the note, but failed to repay the $7,000, as directed, and an attachment was then asked to compel him to do so. After answer filed, the rule was discharged, the court holding that it was without power to proceed as requested. From this order the present appeal has been taken.

The question before us is the power of a court of equity to enforce by attachment a decree for the payment of money obtained under a contract entered into as a result of false representations made by the defendant. The bill of complaint in the present case was based on the written agreement of sale, and it is the violation of the order to return the purchase price which is made the foundation for the demand for attachment. Section 1 of the Act of July 12, 1842, P. L. 339, provides that "No person shall be arrested or imprisoned on any civil process issuing out of any court of this Commonwealth, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the nonperformance of any contract," etc. The party injured saw fit to base his claim on the agreement, though an action for deceit might have been instituted. He waived the right to so proceed, and filed his bill to compel repayment to him of the sum advanced.

"The general words of this statute embrace decrees in equity, as well as judgments at law, in all cases where the judgment or decree is for the payment of money due on a contract": Scott v. The Jailer, 1 Grant 237, 238; Colburn v. Colburn, 279 Pa. 249. "The statute applies alike to judgments at law and to decrees in equity, and prohibits arrest in every case upon contract, which is not included in the exceptions. Where it applies, an attachment cannot be lawfully issued, for the party shall not be arrested and put to his answer, to the satisfaction of the judge or chancellor, that he is unable to pay the judgment or decree, under pain of imprisonment, its object being to prevent oppression of debtors. In furtherance of that end, it should be liberally construed": Pierce's App., 103 Pa. 27, 29. "Where the record shows that the imprisonment is for this purpose alone, and that no other contempt was alleged or adjudicated, the process of imprisonment is void": Scott v. The Jailer, supra, page 239.

The Act of 1842, abolishing imprisonment for debt, is therefore applicable, unless the facts show the proceeding to be excluded from its operation. "The cases relating to trusts are excepted from the operation of the Act of 1842 not only because the basis of the claim is not a contract but a legal duty, but also a breach of trust is something more than a contract. In addition, reasons of expediency have a greater influence upon the conclusion of the court, for unless the trustee could be reached by attachment, he could not be reached at all, if he had no property of his own......Chew's App., 44 Pa. 247. That is to say, without the right of attachment, the cestui que trust would be without remedy and the decree of payment impotent": Colburn v. Colburn, supra, page 251. So it has been held that where one acting in a fiduciary capacity fails, when directed, to pay over moneys held for a cestui que trust, attachment will lie: Chew's App., supra; Tome's App., 50 Pa. 285; Messmore's Est., 293 Pa. 63; Wilson v. Wilson, 142 Pa. 247;

150

McCarrell v. Mullins, 141 Pa. 513; Morrison v. Blake, 33 Pa. Superior Ct. 290. It is urged by appellant that this case comes within the excepted class, since the securing of funds by false representations constitutes the one so receiving a trustee ex maleficio, and that the rule enunciated in the foregoing decisions is therefore applicable. With this we cannot agree, since the proceeding here is founded on an express contract, and the decree for the payment of the money was the result of the agreement made.

The first section of the Act of 1842 expressly excludes from its provisions "proceedings as for contempt, to enforce civil remedies, as well as actions for fines or penalties, or on promise to marry, on moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment, in which cases the remedies shall remain as heretofore." Equity courts still have power under the Act of June 16, 1836, P. L. 784, section 24, to enforce their decrees by attachment if necessary, such privilege being expressly reserved in the Act of 1842, and where it appears that there has been disobedience of a lawfully given direction, other than the payment of money due by reason of a contract, express or implied, the remedy suggested may be resorted to: Com. ex rel. v. Lewis, 253 Pa. 175; Bauer v. Byrd, 245 Pa. 441; Scranton v. Peoples Coal Co., 274 Pa. 63; Church's App., 103 Pa. 263; Duff v. McDonough, 2 Pa. Superior Ct. 373. It is contended that, by reason of the first exception in the Act of 1842, above recited, there may be contempt, arising from the nonpayment of money due on a contract secured by fraud, after the amount has been ascertained by a decree in equity, and summary process may, in such case, issue to compel obedience to the order. Though defendant may not be relieved from criminal prosecution if guilty of false pretenses, or plaintiff from securing other relief, as provided by sections 2 and 3 of the Act of 1842, it does not follow that an attachment can be issued by the trial court, in the absence of a showing that there was a wilful refusal to obey a

decree entered by which something more was directed than the payment of money due as a result of a contract: Com. ex rel. v. Heston, 292 Pa. 63.

In dealing with other parts of the same act, it has been held that the making of false representations is not such fraud as would justify the issuance of a capias ad respondendum: Bowen v. Burdick, 3 Clark 226. As was said by Judge AGNEW, while sitting in the lower court, in Gallagher v. Norcross, 7 Phila. 623, discussing this legislation in a case where money had been obtained by fraudulent pretense, and the right to a capias was questioned: "An attachment for contempt, when used as a civil remedy, is excepted from the act. Yet even this process will not be permitted to be used when its sole purpose is the collection of a debt. It is, therefore, obvious to my mind that this action is an evasion of the principle of the Act of 1842. It is not an action founded merely in tort, but an attempt to elude the effect of the contract on the remedy, by seizing hold of a circumstance leading to the contract." In Com. ex rel. v. Heston, supra, the bill for accounting charged fraud, though no express finding to that effect appeared, as here, since a compromise decree fixing the amount of money payable was entered. It was held no attachment could be issued, because of nonpayment of the balance. "The words of the exception might, it is true, be construed to embrace such cases. But we must not lose sight of the main object of the statute, which was to relieve from imprisonment in all cases where no offense appears, except that of omitting to pay money due on a contract": Scott v. The Jailer, supra, page 238.

In the instant case the trial tribunal has found that no attachment could be awarded. "It has been the rule in Pennsylvania for more than a century, a rule which we think should not be departed from, that each court is the exclusive judge of contempts committed against its process. When the court issuing the process has determined it has not been contemned, the appellate courts

cannot decide otherwise": Seidman's Est., 270 Pa. 465, 467. This rule is subject to modification on appeal, when a plain abuse of discretion in refusing the application appears. Thus, in State Grand Lodge v. Morrison, 277 Pa. 41, where the decree of the court below had been approved on appeal, it was held to be error for the trial tribunal to refuse subsequently to enforce it. No such situation appears in the present case.

It may be, as suggested by the court below, that, in a proper proceeding, a capias ad satisfaciendum might be issued because of the fraud found to have been employed, under the terms of the second and third sections of the Act of 1842, already referred to, and indicated as a remedy, under such circumstances, in Kalbfus v. Rundell, 134 Pa. 102, and Tryon v. Hassinger, 1 Clark 184, but the court, sitting in equity, had no power to attach for the failure to satisfy the decree for the payment of money based on a written contract, as here appeared, and properly so held.

The decree is affirmed at the cost of appellant.