## Allen et al. v. Sarshik et al.

*Frysinger Evans*, for plaintiffs; *Harry Shapiro*, for defendants.

ALESSANDRONI, J., April 4, 1930.—This is a rule to show cause why an attachment should not issue against Morris A. Sarshik for his failure and refusal to comply with an order of this court requiring him to pay to the petitioners the sum of $7759.63.

The petition recites in brief a history of proceedings, final decree of this court, an excerpt from the opinion of the Supreme Court, and the order affirming the judgment of the court below dismissing the appeal. It also appears therein that petitioners' repeated requests for payment by the respondent have been ignored. The answer admits the essential averments of the petition, but the respondent seeks to justify his refusal because of his alleged inability to pay, and also upon the ground that an attachment for contempt may not issue where the decree is for payment of money only, pursuant to contract, express or implied. In support of this contention, he has cited a number of authorities which would be pertinent if suited to the facts of this case.

The Act of July 12, 1842, P. L. 339, abolishing imprisonment for debt, does not, in our opinion, exempt the respondent from the issuance of the process prayed for.

Much has been made by the respondent of the argument that the language and the spirit of this act. is applicable to him, inasmuch as the money he refuses to pay was due on "a judgment or decree founded upon contract, or due upon a contract express or implied, or for the recovery of any damages, or for the performance of any contract." While the agreement between

Pennypacker as straw man and the petitioners was a contract, respondent, nevertheless, received the money to use for a specific purpose under an independent covenant. He has been declared by this and the Supreme Court to be a trustee of that fund. With his status thus determined, it follows logically that he must be dealt with in accordance with the law applicable to such persons. It will not do to force a construction that will relieve him from the performance of a duty imposed upon him by law by ignoring his fiduciary character and making him simply a party to a contract. Sarshik, under the cloak of Pennypacker as straw man, violating the good faith of the petitioners, worked himself into a position of trust and confidence that enabled him to get possession of moneys that never would have been entrusted to him otherwise. It is clear that he misapplied these moneys. Indeed, there is some ground for believing that the subtle scheme adopted by him was intended to accomplish just this purpose. If Pennypacker had been the recipient of the fund instead of Sarshik, the status of the former might conceivably fall within the ruling of Ross v. Dever, 298 Pa. 146, but here Sarshik was the third party agreed upon by the vendor and vendee as one to be trusted to employ the moneys received by him in the protection of the interests of the petitioners. He was a trustee in the strict sense of the word. We believe that the facts of this case fall within the intendment of the language of Justice Strong in Chew's Appeal, 44 Pa. 247, wherein he stated: "The legislature may well be supposed to have used the word contract in its common signification, and not to have had in view a breach of trust, always considered a greater wrong than a mere breach of promise to pay. But if this is not so, there is an exception in the act which makes it clear that it was not designed to exempt trustees from liability to attachment. It is of arrests 'in proceedings as for contempt to enforce civil remedies.' Such arrests are expressly declared not to be within the operation of the act, or prohibited by it."

We are, therefore, of the opinion that this rule should be made absolute.

And now, to wit, April 4, 1930, let attachment issue against Morris A. Sarshik for his failure to comply with the terms of the final decree entered in this case on Oct. 25, 1929.