## De Sipio v. Zippi et ux.

*Dewey Hoffman,* for plaintiff.
*Ned Stein,* for defendants.

GRIFFITHS, J., March 23, 1954.—This matter comes before the court on a petition by plaintiff to hold defendants in contempt of court for failure to pay plaintiff a sum of money ordered by the court to be paid in specific performance proceedings for the sale of real estate.

Defendants were the owners of premises 2401 South Twenty-fourth Street, Philadelphia. On November 18, 1950, plaintiff and defendants entered into a written agreement for sale of this property together with fixtures and equipment of a restaurant located on the premises. Plaintiff made a $2,000 deposit on account of the sale price. Defendants failed to deliver title as agreed. To enforce the agreement of sale on March 8, 1951, plaintiff brought equity proceedings for specific performance of the contract. There was no averment in these proceedings of fraud or misrepresentation. Thereafter, one of the defendants, Paul Zippi, was involuntarily placed in bankruptcy on June 1, 1951, and received a discharge on September 7, 1951. Plaintiff's debt was scheduled in the bankruptcy proceedings. After this discharge, defendants entered into a consent decree with plaintiff whereby defendants were required to make restitution to plaintiff in the amount of $2,000 (the deposit money) in accordance with a schedule of payment set forth in the decree. Defendants failed to make payment as ordered and plaintiff now seeks an attachment for contempt against them. One of the issues raised by the petition and answer is whether defendants can be held in contempt of court for nonpayment of money to plaintiff, in disregard of an order of court, where there has been no allegation or proof of fraud or of a fiduciary relationship.

The Act of July 12, 1842, P. L. 339, 12 PS §257, abolished imprisonment for debt "excepting in proceed-

ings as for contempt to enforce civil remedies. . . ."

In Commonwealth ex rel. Di Giacomo v. Heston, etc., 292 Pa. 63, 68-70 (1928) the court said:

"Where there is no evidence of fraud, in disobeying the decree, there is no contempt at all, within the meaning of the exception.

". . . Where there has been fraud, or a breach of trust is involved, and fraudulent conduct on the part of defendant appears, the attachment may be issued. . . ."

"In the instant case, the decree of the court was based on a bill which averred the existence of an oral contract of partnership . . . alleging funds were improperly expended. . . . There was no evidence or finding . . . of the fraud. . . . The parties voluntarily agreed, before final hearing, to adjust their differences, . . . and, by consent, it was decreed . . . defendant should pay."

Applying this law to the facts of the instant case, it was not alleged or proved that defendants were guilty of fraud or that a fiduciary relationship existed between the parties. Plaintiff petitioner argues in his brief that when defendants accepted the deposit of $2,000 they knew they were about to become bankrupt and thus a constructive trust arose. This is an ingenious argument, but there was no such averment in the bill in equity and therefore it could not have been the basis on which the decree was founded. A prayer for general relief cannot serve to add an averment to the pleadings.

Petitioner also argues that the use of the word "restitution" in the decree establishes that the decree was based on a constructive trust "which arose when defendant accepted plaintiff's money knowing, as he did, he was hopelessly insolvent and on the verge of bankruptcy." Not only was such contention not averred

in the bill in equity but was not actually or inferentially incorporated in the decree which reads, in part, as follows:

"It appearing that defendants Paul Zippi and Mary Zippi, his wife, are unable to specifically perform the Agreement of Sale to convey the real estate and personal property . . . it is ordered and decreed that the defendants make restitution to James DeSipio . . . of $2000 being the deposit money received by them. . . ."

The phraseology of the decree suggests that restitution of the $2,000 was no more than an alternative remedy for the specific performance of the agreement of sale. The fact the term "restitution" is used is not proof that the decree was based upon fraud. Although the term "restitution" is used in equity it is also used in tort law (A. L. I. Restatement of the Law of Restitution, §130) and in the law of contracts: A. L. I. Restatement of the Law of Contracts, §347. Proof that the decree was based upon fraud must be much stronger than an implication arising from the use of the term "restitution."

Plaintiff-petitioner also stands on what may be called the finality of the decree, which was unappealed. Such contention presupposes the decree constituted an order of contempt if it were not obeyed. The question of contempt, however, is neither properly nor actually raised until a petition to hold in contempt (the instant proceedings) is presented to the court.

Therefore, the court enters the following

### Order

And now, March 23, 1954, plaintiff's rule to show cause why defendants should not be adjudged guilty of contempt for failure to comply with the order of court is discharged.